IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LUIS DANIEL COLON                                                                    PETITIONER

V.                                                    CIVIL ACTION NO. 3:16CV310 HTW-LRA

WARDEN B. E. BLACKMON                                                         RESPONDENT

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Luis Daniel Colon is currently incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi,[1] serving a 188-month term of imprisonment, followed by five years of supervised release, imposed by the United States District Court for the Southern District of Alabama, for conspiracy to possess with intent to distribute cocaine. Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies available, or in the alternative, for failure to state a claim upon which relief may be granted. After full consideration of the pleadings, the undersigned recommends that the petition be dismissed.

Colon asserts that he is entitled to habeas relief because his presentence investigation report inaccurately classifies him as "undocumented," when he is, in fact, a United States Citizen. According to Petitioner, the inaccurate classification has adversely impacted the execution of his sentence, by causing the Bureau of Prisons ("BOP") to place an immigration detainer on him and deny him access to BOP programs. He acknowledges that he has used an alias for an "extended period of his life," but claims his

---

[1] Warden B. E. Blackmon has been replaced by the Warden Shults.

counsel filed a motion prior to sentencing, without his consent, indicating that he was undocumented. He also faults the sentencing court for failing to make factual findings regarding his immigration status and citizenship. In his prayer for relief, he requests that this Court direct the BOP not to rely on his presentence investigation report; or direct the United States Probation Office to correct his name and citizenship; or conduct a de novo review "of the plea colloquy, sentencing transcripts, information releases signed by petitioner with the USPO, and other documents to make a finding that Petitioner is a United States citizen and [his] correct name is Luis Daniel Colon."[2]

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates exhaust their administrative remedies by complying with the Bureau of Prisons' Administrative Remedy Program. Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth,* 260 F.3d 357, 358 (5th Cir. 2001). However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not

---

[2] ECF No. 1.

2

exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e, where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate demonstrates an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

28 C.F.R. §§ 542.10–542.19 establish a four-step BOP administrative remedy process for inmates seeking formal review of issues relating to their confinement. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, federal inmates have exhausted the administrative remedies.

In this case, Respondent asserts that Colon has failed to exhaust his administrative remedies because while he has twice filed the requisite BOP forms with the Warden and the Regional Director, he has never filed an appeal with the BOP's General Counsel/Central Office for either of his two administrative claims. Colon disputes this

contention, and attaches what appears to be a receipt from the Administrative Remedy Coordinator for the Central Office acknowledging the receipt of his appeal with regard to administrative claim number 865034-A1.[3]  Because the record is incomplete concerning the status of the fourth step appeal, this Court makes no finding as to exhaustion.

However, even if this Court were to construe this as evidence that Colon has exhausted his administrative remedies, his petition is subject to dismissal because it fails to state a claim upon which relief may be granted under § 2241.  Both Colon's claims and the relief requested concern matters that occurred prior to, or during sentencing.[4]

A section 2255 petition is "the primary means of collaterally attacking a federal sentence."  *Robinson v. United States*, 812 F.3d 476 (5th Cir. 2016) (quoting *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  A section 2241 motion, by contrast, "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  *Moorehead v. Chandler*, 540 F. App'x 458, 458 (5th Cir. 2013) (quoting *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)).  Thus, a "section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."  *Yusuff*, 218 F.3d at 451.  However, if a prisoner can show that the § 2255

---

[3] ECF No. 10.

[4] In fact, in an order denying Colon's motion to correct the alleged errors in his presentence investigation report, the sentencing court found that his "true identity was confirmed by a number of sources prior to sentencing, *including the Defendant himself*."  ECF No. 9-4 (emphasis in original).  The court noted that this information concerning Petitioner's identity came from the: "(1) Position of the Defendant with Respect to Sentencing Factors; (2) the Probation Officer's interview with the Defendant; (3) fingerprint driven criminal history databases; (4) and the Probation Officer's interview with Defendant's common law wife." *Id.* n. 3 (internal record citations omitted).

4

remedy would be "'inadequate or ineffective to test the legality of [the prisoner's] detention,'" he may be permitted to bring a habeas corpus claim pursuant to § 2241 under the savings clause. *See Reyes–Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001) (quoting § 2255). To make this showing, Petitioner must make a claim (i) "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and (ii) "that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena,* 243 F.3d at 904. Colon makes no such showing here.

All of the errors Colon alleges occurred before or during sentencing. As such, his claims "must be addressed in a § 2255 petition, and the only court with jurisdiction to hear that is the court that sentenced him. . . ." *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (citing *Cox v. Warden*. 911 F.2d 1111, 1113 (5th Cir. 1990)). Because Colon fails to state a claim, the undersigned recommends that the government's motion to dismiss be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

5

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on May 30, 2018.

s/ Linda R. Anderson<br>UNITED STATES MAGISTRATE JUDGE